IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br> v. <br><br> COUNCIL OF THE INSPECTORS <br> GENERAL ON INTEGRITY AND <br> EFFICIENCY, <br> 1717 H Street NW, Suite 825 <br> Washington, DC  20006, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Council of the Inspectors General on Integrity and Efficiency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant Council of the Inspectors General on Integrity and Efficiency is an agency of the United States Government and is headquartered at 1717 H Street NW, Suite 825, Washington, DC  20006.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 19, 2022, Plaintiff submitted a FOIA request to Defendant seeking access to the following public records:

   1. All records of communication between any official or employee of the Council of the Inspectors General on Integrity and Efficiency (CIGIE) and any other individual or entity regarding the April 29, 2022 meeting between President Biden, CIGIE representatives, and several Inspectors General.

   2. All briefing materials, handouts, notes, summaries, or other records created in preparation for, during, or pursuant to the April 29, 2022 meeting between President Biden, CIGIE representatives, and several Inspectors General.

   3. All records of communication between any official or employee of the CIGIE and any other individual or entity regarding Department of Homeland Security Inspector General Joseph V. Cuffari.

   4. All records of communication between any official or employee of the CIGIE and any other individual or entity regarding the New York Times article entitled "D.H.S. Watchdog Said Damaging Findings Removed From Reports Were Already Known"  (https://www.nytimes.com /2022/05/10/us/politics/homeland-security misconduct-reports.html)

The time frame of the request was identified as "April 1, 2022 to May 18, 2022."

6. By letter dated July 1, 2022, Defendant acknowledged receiving Plaintiff's FOIA request on May 19, 2022 and advised Plaintiff that the request had been assigned tracking number 6330-2022-46. Defendant's letter also informed Plaintiff that it was invoking FOIA's 10-day extension of time of time provision for "unusual circumstances."

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by on or about July 5, 2022. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 30, 2022                         Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Fax:   (202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*